UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| UNITED STATES OF AMERICA | CRIMINAL ACTION |
|---|---|
| V. | NO. 16-29 |
| LILBEAR GEORGE ET AL. | SECTION "F" |

ORDER

Before the Court are motions by Lilbear George, Kalique Hardin, Sidney Lebanks, and Basin Wells to suppress evidence and statements. For the following reasons, the motions are DENIED.

**Background**

On February 8, 2016, Louisiana State Police troopers, dressed in plain clothes, were patrolling the French Quarter. It was Lundi Gras, and about 8:25 p.m. in a well-known high crime area. While walking in the 1000 block of Bienville, the officers observed defendant Basin Wells enter a parking lot. According to the government, Wells peered into at least three unoccupied vehicles in a manner consistent with someone looking to break into vehicles. He did not appear, however, to be carrying any weapons or tools. Officers then observed a 2009 Nissan Maxima drive into the parking lot. Basin Wells spoke to the driver, who was Lilbear George, and then the car drove to the back corner of the lot. Basin Wells climbed into the left rear passenger seat. Kalique Hardin sat in

1

the front passenger seat and Sidney Lebanks in the right rear passenger seat. Several troopers, at least five, approached the vehicle with their flashlights on. The back windshield and the side windows were so heavily tinted that the officers could not see through them, even with their flashlights, but they could see through the front windshield. The officers saw clear plastic bags in the vehicle's center console. According to the troopers, George was also trying to hide cash. The troopers ordered the four to show their hands, and then exit the vehicle one at a time. They did not immediately comply, and instead kept putting their hands down in an apparent attempt to hide different objects. As they got out of the car, the troopers smelled marijuana.

Each person was handcuffed, frisked, and mirandized. The troopers also searched the vehicle. In the center console, the troopers found 3.5 grams of marijuana in a clear plastic bag, about 44 grams of heroin in seven clear plastic bags, and $228. They also found a Glock 27 .40 caliber pistol nestled between the driver's seat and the front console. Nearby, they found one empty bottle labeled promethazine, two full bottles containing a liquid substance, and a loaded Ruger 9mm pistol. On the floorboards near the rear passenger seats, the troopers uncovered one gram of heroin in two clear plastic bags, a larger bag containing 2.5 grams of heroin in nine clear plastic bags, and a loaded Glock .40 caliber pistol. The troopers seized $3,081 in cash from Wells, and seized

over $10,000 cash, all $100 bills, from George. George allegedly offered his cash to Trooper Ballard, who found that suspicious.

All four defendants were indicted on February 25, 2017 for knowingly conspiring to possess with the intent to distribute a quantity of heroin and for possession with the intent to distribute heroin. The six-count indictment charged Sidney Lebanks with possessing a firearm after having been convicted for first-degree robbery. The other three were charged with possessing firearms during and in relation to drug trafficking crimes. All defendants have pled not guilty.

On September 15, 2017, George moved to suppress evidence and statements obtained during, and immediately preceding, the arrest. Following suit, Sidney Lebanks also filed a motion to suppress evidence on October 31, 2017. Finally, Basin Wells and Kalique Hardin moved to adopt motions by George and Lebanks to suppress evidence.

Law and Application

A.

The defendants attack the basis for the troopers' initial investigation, arguing that the troopers had no reason to suspect that a crime may be occurring when they watched Basin Wells walk through the parking garage. In the alternative, they argue that even if there was reasonable suspicion, that suspicion would have

3

been dispelled once the troopers observed Lilbear George welcome Basin Wells into his car. The defendants also question the troopers ability to see inside the car, to observe the plastic bags in the center console, to witness Lilbear George's effort to hide cash. They maintain that the heavily tinted windows would prevent officers from seeing within the car, even with their flashlights. Without developing probable cause, the defendants contend, the search of the vehicle was illegal. And because the evidence was seized through an illegal arrest, it must be suppressed.

The government emphasizes that they had reasonable suspicion to initially investigate Wells; he was peering into empty cars at night in a high crime area. That suspicion then blossomed into probable cause once they saw the clear plastic bags in the car and observed George attempting to hide money. It asserts that the front windshield was not as heavily tinted as the side and back windows, and with several flashlights, they could easily see the inside of the car. The government is permitted to search an automobile without a warrant, it contends, as long as it has established probable cause.

George also seeks to suppress his offer to possibly bribe the officers because they were improperly questioning him. The government, however, counters that George's remark was made voluntarily without any questioning or prompts. An evidentiary hearing was conducted by the Court to address these contentions.

B.

The Fourth Amendment guarantees that the "right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated . . . but upon probable cause." U.S. Const. amend. IV. A seizure has occurred when "a reasonable person would have believed that he was not free to leave." United States v. Mendenhall, 446 U.S. 544, 554 (1980). However, "police can stop and briefly detain a person for investigative purposes" without probable cause, referred to as a Terry stop, "if the officer has reasonable suspicion." United States v. Sokolow, 490 U.S. 1, 7 (1989). A Terry stop is warranted if, under the totality of the circumstances, the officer has reasonable suspicion based on "specific and articulable facts" that the person is involved in criminal activity. Terry v. Ohio, 392 U.S. 1, 21-22 (1968). The Terry inquiry involves examining whether the initial action was justified and, then, determining whether any subsequent action was reasonably related in scope to either the circumstances that justified the stop or to dispelling a reasonable suspicion that developed during the stop. United States v. Brigham, 382 F.3d 500, 506-07 (5th Cir. 2004) (en banc). A Terry detention "must be temporary and last no longer than is necessary to effectuate the purpose of the stop, unless further reasonable suspicion, supported by articulable facts, emerges." United States v. Brigham, 382 F.3d 500, 507 (5th Cir. 2004).

5

However, when a Terry stop transforms into a seizure, the officers needs more than reasonable suspicion. United States v. Massi, 761 F.3d 512, 523-24 (5th Cir. 2014). A person is "seized" when "his freedom of movement is restrained" though "means of physical force or a show of authority." Mendenhall, 446 U.S. at 553-54 (noting that the "threatening presence of several officers, some physical touching . . . or the use of language or tone of voice indicating that compliance with the officer's request might be compelled" are examples of circumstances that might indicate a seizure."). To conduct a seizure, the officer needs probable cause. Massi, 761 F.3d at 523-24. Probable cause "require[s] that 'the totality of facts and circumstances within a police officer's knowledge at the moment of arrest are sufficient for a reasonable person to conclude that the suspect had committed, or was in the process of committing, an offense.'" Id. at 524 (quoting United States v. Zavala, 541 F.3d 562, 575 (5th Cir. 2008)); see also Illinois v. Gates, 462 U.S. 213, 232 (1983) ("[P]robable cause is a fluid concept—turning on the assessment of probabilities in particular factual contexts—not readily, or even usefully, reduced to a neat set of legal rules.").

Even with probable cause, warrantless searches are presumptively unreasonable. Katz v. U.S., 389 U.S. 347, 357 (1967). But certain law enforcement practices are excepted from this general rule when the promotion of legitimate governmental

interests outweighs its intrusion on a reasonable expectation of privacy. Texas v. Brown, 460 U.S. 730, 739 (1983) (citation omitted). One such exception is the one relied upon by the government . . . in this case, the automobile exception. Colorado v. Bannister, 449 U.S. 1, 3 (1980). Officers can search an automobile, without a warrant, if they "have probable cause to believe it contains evidence of a crime."

"In determining whether there was reasonable cause to believe the vehicle contained contraband, we look to the totality of the circumstances and the inferences that flow therefrom." United States v. Clark, 559 F.2d 420, 424 (5th Cir. 1977). Still, officers can rely on some facts more than others. For example, the mere presence in a high crime area is not enough to support reasonable suspicion, let alone establish probable cause, that criminal activity is occurring. Illinois v. Wardlow, 528 U.S. 119, 124 (5th Cir. 2000). But the smell of marijuana, on the other hand, provides officers with sufficient probable cause to search a vehicle. United States v. Ryles, 988 F.2d 13, 14 n.2 (5th Cir. 1993). Given the evidence presented, the Court is satisfied that the government has met the probable cause inquiry as the Court will summarize in detail shortly.

C.

Turning to what defendants refer to as statements, the Fifth Amendment of the United States Constitution "protects the accused

7

only from being compelled to testify against himself, or otherwise provide the State with evidence of a testimonial or communicative nature." Schmerber v. California, 384 U.S. 757, 761 (1966). In Miranda v. Arizona, the Supreme Court prohibits the prosecution from using statements made by a defendant during interrogation if the defendant had not been informed of his rights and the consequences of waiving them. 384 U.S. 436, 478-79 (1966). However, spontaneous statements volunteered by the defendant are not protected by the Fifth Amendment. United States v. Baldwin, 644 F.2d 381, 383-84 (5th Cir. 1981); Miranda, 384 U.S. at 478 ("Any statement given freely and voluntarily without any compelling influences is, of course, admissible in evidence.")

D.

As noted, the troopers had reasonable suspicion to stop the defendants. The troopers had watched a man, at night, in a high crime area during Mardi Gras, the busiest weekend of the year, peer into several unoccupied vehicles, and then enter the Nissan. Under the totality of the circumstances, a reasonable officer would have reasonable suspicion that criminal activity might be afoot. Accordingly, the officers properly approached the vehicle, bearing lit flashlights.[1]

---

[1] At the suppression hearing, counsel for Lilbear George argued that any reasonable suspicion the officers may have had watching Basin Wells walk through the parking lot was dispelled when Lilbear George welcomed him into the vehicle. But Wells' welcome into the

Several officers approached and surrounded the front of the vehicle and shined their flashlights through the front windshield. They observed clear plastic bags in plain view, consistent with the type used to distribute narcotics, and George attempting to hide cash. The officers ordered the occupants to show their hands and exit the car, but they did not immediately comply. Instead, they continued attempts to hide more objects. Finally, once the occupants finally exited the vehicle, the officers smelled marijuana.

By surrounding the vehicle and ordering the defendants to exit the vehicle one-by-one, thereby restraining their freedom of movement and clearly indicating that the officers' request was mandatory, the officers had transitioned the stop into a seizure. The seizure was justified by probable cause, as was the warrantless search of the vehicle. The time and location of the event, Basin Wells' suspicious activity, the clear plastic bags, the occupants' refusal to exit the car, their ongoing attempts to hide cash and guns, and the smell of marijuana[2] provided the troopers with probable cause to search the Nissan Maxima without a warrant.

---

vehicle does not overcome Wells' suspicious conduct that alerted the officers' attention in the first place.
[2] The officers had seized the defendants before they had smelled marijuana. However, the fact that this was Lundi Gras night in a high crime area, compounded with Basin Wells' suspicious activity before entering the vehicle, the plastic bags in plain view, and George's attempt to hide cash provided the officers with probable cause to effect a seizure. The defendants' initial resistance to

9

Additionally, Lilbear George's attempted bribe was not the product of impermissible questioning. George has not produced any information to challenge the government's contention that his offer to give one trooper $10,000 cash in exchange for releasing him was not prompted by the trooper in any manner. On this record, it was voluntary and spontaneous, and thus is not protected by the Fifth Amendment.

Accordingly, IT IS ORDERED: that the defendants' motions to suppress evidence and statements are DENIED.

New Orleans, Louisiana, November 20, 2017

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE

---

exit the vehicle and the smell of the marijuana just further supported the officers' probable cause to search the vehicle.